**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| **APPLIED BIOLOGICS LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.** 3:25-cv-738-RGJ |
| | ) | |
| **v.** | ) | |
| | ) | |
| **OPTIMUM WOUND CARE, LLC** | ) | |
| | ) | |
| **Serve: Anderson Registered Agents, Inc.,** | ) | |
| **Registered Agent** | ) | |
| **9900 Corporate Campus Drive** | ) | |
| **Suite 3000** | ) | |
| **Louisville, KY 40223** | ) | |
| | ) | |
| **MOSAYEB KARIMI** | ) | |
| | ) | |
| **Serve: Mosayeb Karimi** | ) | |
| **1204 Rock Falls Trace** | ) | |
| **Louisville, KY 40223** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Applied Biologics LLC ("Applied Biologics") for its Complaint against Defendant Optimum Wound Care, L.L.C ("Optimum Wound Care") and Defendant Mosayeb Karimi ("Mr. Karimi, and together with Optimum Wound Care, collectively, the "Defendants"),[1] hereby alleges as follows:

## PARTIES

1.     Applied Biologics is a foreign manager-managed limited liability company organized and existing under the laws of the State of South Dakota, with its principal place of

---

[1] Applied Biologics, together with Defendants, are each a "Party," and collectively, the "Parties."

1

4933-7743-5257\3

business located in Scottsdale, Arizona. Applied Biologics' sole manager and sole member is Aspen Biotech Corporation, a domestic for-profit corporation organized under the laws of the State of Delaware with its principal place of business in Scottsdale, Arizona, and it is therefore a citizen of Delaware and Arizona.

2.      Defendant Optimum Wound Care is a domestic limited liability company organized and existing under the laws of the Commonwealth of Kentucky, with its principal place of business located in Las Vegas, Nevada. Optimum Wound Care's sole member and manager is Mosayeb Karimi, an individual domiciled in Louisville, Kentucky, and it is therefore a citizen of the Commonwealth of Kentucky. Applied Biologics is not aware of any other members of Optimum Wound Care.

3.      Defendant Mr. Karimi is an individual domiciled in Louisville, Kentucky and is therefore a citizen of the Commonwealth of Kentucky.

**JURISDICTION AND VENUE**

4.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5.      The Court has personal jurisdiction over Defendants pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) and the Due Process Clause of the Fourteenth Amendment because Defendants conduct, or have conducted, business in the Western District of Kentucky, and Defendants have caused certain events to occur in the Western District of Kentucky out of which this action arises.

6.      Venue in the Western District of Kentucky is proper pursuant to 28 U.S.C. § 1391(b).

4933-7743-5257\3

## GENERAL ALLEGATIONS

7.      Applied Biologics is a fully integrated life sciences company providing, among other things, product development, manufacturing and distribution of various medical technologies.

8.      Applied Biologics manufactures and distributes a medical product called XWRAP® (the "Product").

9.      The Product is an allograft that is used in the management of chronic wounds such as diabetic foot ulcers, venous stasis ulcers, and pressure ulcers.

10.     Upon information and belief, Mr. Karimi is a wound care specialist affiliated with Optimum Wound Care.

11.     On or about February 21, 2024, Defendants executed an Agreement with Applied Biologics, under which Defendants agreed to purchase the Product from Plaintiff in exchange for payment (the "Agreement"). A true and correct copy of the Agreement is attached hereto and incorporated herein as **Exhibit 1**.

12.     The Agreement is governed by Arizona law. *See* Exhibit 1.

13.     Thereafter, Applied Biologics shipped the Product to Defendants and invoiced Defendants for the Product, as set forth below (collectively, the "Invoices"). A summary of the Invoices is attached hereto as **Exhibit 2** and incorporated herein by this reference. True and correct copies of the Invoices are attached hereto and incorporated herein by reference as **Exhibit 3**.

14.     Pursuant to the terms of the Agreement and the Invoices, and as reflected in Exhibits 1, 2, and 3, payment for the Product was due within thirty (30) days of the dates listed on the respective Invoices.

15.     Defendants made partial payments towards the Invoices, totaling $1,145,732.16.

4933-7743-5257\3

16. However, to date, Defendants have failed to remit payment to Applied Biologics for the remaining balance of to the Invoices, which totals $1,816,616.53 (the "Outstanding Balance").

17. Defendants, on information and belief, used the Product that Applied Biologics provided to them, but Defendants have failed or refused to remit payment to Applied Biologics for the Product.

18. On or about October 3, 2025, Counsel for Applied Biologics sent correspondence to Defendants (the "Demand Letter"), demanding Defendants pay Applied Biologics for the Product they received by October 13, 2025. A true and correct copy of the Demand Letter is attached hereto and incorporated herein as **Exhibit 4**.

19. Defendants failed to remit the Outstanding Balance owed to Applied Biologics by the October 13, 2025 deadline.

20. At all relevant times, Applied Biologics has fully complied with its obligations under the Agreement and Invoices.

21. Pursuant to A.R.S. §§ 12-341 and 12-341.01, Plaintiff is entitled to recover its reasonable attorneys' fees and costs in connection with collection of payment due under the Invoices.

## CAUSES OF ACTION

## COUNT I

**(Breach of Contract – Optimum Wound Care, L.L.C. and Mosayeb Karimi)**

22. Applied Biologics incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

23. The Agreement and Invoices constitute valid and binding contracts.

4933-7743-5257\3

24. At all relevant times, Applied Biologics performed all of its contractual obligations, namely, delivery of the Product that Defendants purchased from Applied Biologics.

25. Under the Agreement and Invoices, Defendants have a contractual obligation to pay Applied Biologics for the Product they received from Applied Biologics.

26. Defendants have materially breached their contractual obligations by failing or refusing to pay the Outstanding Amount due under the Agreement and Invoices to Applied Biologics.

27. As a direct and proximate result of Defendants' material breach of their payment obligations under the Invoices, Applied Biologics has been damaged in an amount to be proven at trial, but not less than the Outstanding Amount.

## COUNT II

### (Account Stated – Optimum Wound Care, L.L.C. and Mosayeb Karimi)

28. Applied Biologics incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

29. Applied Biologics and Defendants agreed that Applied Biologics would provide Product to Defendants on account, and that Defendants would pay to Applied Biologics the balance of the account.

30. Applied Biologics issued Invoices to Defendants as set forth herein, and Defendants did not object to the amounts due.

31. Defendants agreed, expressly or by implication, that the account balance is correct.

32. Defendants failed to pay Applied Biologics when the amounts became due and owing.

4933-7743-5257\3

33.     The account remains unpaid, and Applied Biologics is due the balance of the account.

## COUNT III

**(Alternative Claim for Unjust Enrichment – Optimum Wound Care, L.L.C. and Mosayeb Karimi)**

34.     Applied Biologics incorporates by reference each of the allegations contained in Paragraphs 1-10, 13, 15-19 of this Complaint as though fully set forth herein.

35.     By providing the Product to Defendants as set forth herein and evidenced by the Invoices, Applied Biologics conferred a benefit upon Defendants, with Defendants' express consent and at Defendants' express request.

36.     Applied Biologics reasonably expected payment for the benefit conferred without delay.

37.     It would be unjust for Defendants to retain the benefit Applied Biologics conferred without restitution not less than the Outstanding Amount.

**WHEREFORE**, Applied Biologics prays for judgment in its favor and against Defendants Optimum Wound Care, L.L.C. and Mosayeb Karimi, jointly and severally, as follows:

A.     Awarding Applied Biologics the Outstanding Amount due under the Invoices;

B.     Awarding Applied Biologics pre-judgment and post-judgment interest on the foregoing amounts at the highest rate allowed under applicable law;

C.     Awarding Applied Biologics all of its attorneys' fees, costs and expenses pursuant to the A.R.S. §§ 12-341 and 12-341.01;

D.     Alternatively, finding that Defendants have been unjustly enriched as a result of receiving the Product as evidenced by the Invoices, but without remitting payment to Applied Biologics for the Product; and

4933-7743-5257\3

E.      Awarding Applied Biologics such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,
STOLL KEENON OGDEN PLLC


 /s/ Andrew T. Hagerman
Chadler M. Hardin
Andrew T. Hagerman
STOLL KEENON OGDEN PLLC
400 West Market Street, Suite 2700
Louisville, KY 40202
Tel: (502) 333-6000
chad.hardin@skofirm.com
andrew.hagerman@skofirm.com
**Counsel for Plaintiff, Applied Biologics LLC**

4933-7743-5257\3